UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CHARLES MACHULAS,                          CASE NO.: 6:24-CV-1245


     Plaintiff,

vs.

BLUE OX ENTERPRISES, LLC,
MATTHEW LEMBRICH, AND STEVEN
LEMBRICH,

     Defendants.
_____/

### **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Charles Machulas, sues Defendants, Blue Ox Enterprises, LLC, Matthew Lembrich, and Steven Lembrich, as follows:

### *Parties, Jurisdiction, and Venue*

1.       **Plaintiff, Charles Machulas**, is over 18 years old and has been a *sui juris* resident of Orange County, Florida, at all times material.

2.       Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

1

3.      Plaintiff was a non-exempt employee of the Defendants.

4.      Plaintiff consents to participate in this lawsuit.

5.      **Defendant, Blue Ox Enterprises, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit business in Seminole County, Florida, at all times material, where it maintains its principal place of business.

6.      **Defendant, Matthew Lembrich,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Matthew Lembrich, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7.      **Defendant, Steven Lembrich,** also was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Steven Lembrich, also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintained their principal places of business in

2

this District, because Plaintiff worked and was due to be paid in Seminole County, and because most if not all of the operational decisions were made in this District.

9.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## *Background Facts*

12.     Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13.     Defendants regularly employed two or more employees for the relevant time that handled goods or materials that travelled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14.     Defendants were, at all times material, engaged in interstate commerce in the course of their provision of land clearing services, which,

3

traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

15.     In particular, Defendants own and operate a land clearing and land grubbing company that performs site development, which includes removing vegetation and topsoil, land clearing and grading, disposing of unwanted/removed materials, and providing other related services utilizing computers, grubbers, heavy equipment, pickup trucks, mulchers, vehicles, cellular telephones, telephones, phone systems, and other materials and supplies that traveled in interstate commerce.

16.     Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet via email, and otherwise outside of the State of Florida.

17.     Defendants also engage in e-commerce through the internet on their website, https://blueoxland.com, which it registered through Wild West Domains, LLC (a foreign corporation).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

18.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period and/or $125,000.00 for each fiscal quarter in which Plaintiff worked.

19.     To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in the exclusive custody of the Defendants.

20.     Plaintiff worked for Defendants from approximately March 2017 to January 26, 2024.

21.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

22.     Plaintiff's work for Defendants was actually in, or so closely related to, the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his work hauling machinery and maintaining vehicles and equipment for Defendants.

23.     Defendants paid Plaintiff $45.00/hour for his work for up to 40 hours a week.

24.     Plaintiff regularly and routinely worked more than 40 hours in multiple workweeks for Defendants during the time relevant to this lawsuit.

*Liability*

5

25.    Defendants failed and refused to pay Plaintiff overtime wages calculated at time-and-one-half of his regular hourly rate of pay for all hours he worked over 40 in a given workweek.

26.    Defendants willfully and intentionally refused to pay Plaintiff wages at one-and-one-half times his regular rate of pay for each of the overtime hours worked during the relevant time.

27.    Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the overtime hours he worked during the relevant time violated the Federal Wage Laws of the United States, intentionally misled Plaintiff to believe that they were not required to pay him overtime, and/or concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay he earned.

28.    Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

29.    Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

30.    Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys'

6

fees and costs.

WHEREFORE Plaintiff, Charles Machulas, demands the entry of a judgment in her favor and against Defendant, Blue Ox Enterprises, LLC, Matthew Lembrich, and Steven Lembrich, jointly and several, after trial by jury and as follows:

a.  That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.  That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.  That Plaintiff recover all interest allowed by law;

e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.  Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

8

## DEMAND FOR JURY TRIAL

Plaintiff, Charles Machulas, demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of July 2024,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

9