UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES MACHULAS,

    Plaintiff,                                    CASE NO.: 6:24-cv-1245-PGB-DCI

vs.

BLUE OX ENTERPRISES, LLC,
MATTHEW LEMBRICH, AND
STEVEN LEMBRICH,

    Defendants.
_____/

**DEFENDANTS' FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Blue Ox Enterprises, LLC (hereinafter referred to as "Blue Ox" or the "company") and Matthew Lembrich, individually, (hereinafter referred to as "ML") and Steven Lembrich, individually, (hereinafter referred to as "SL") (Blue Ox and ML and SL are hereinafter collectively referred to as "Defendants"), by and through their undersigned attorney, hereby file this First Amended Answer and Affirmative Defenses to the Plaintiff's ("Plaintiff") Complaint.

This First Amended Answer and Affirmative Defenses is filed to strike Affirmative Defenses 11, 13, 14 and 15 that were set forth in Defendants' Initial Answer and Affirmative Defenses. Other than striking the above referenced

Affirmative Defenses, there are no other revisions to the Defendants' Initial Answer and Affirmative Defenses that was filed on August 19, 2024. (Doc. 15)

Defendants deny each and every allegation of the Plaintiff's Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

Defendants' responses to each of the specifically numbered paragraphs of the Plaintiff's Complaint are as follows.

### *Parties, Jurisdiction, and Venue*

1. As to the allegations contained in paragraph 1 of the Complaint, Defendants admit that the Plaintiff, Charles Machulas, is over 18 years old. Defendants are without information as to whether the Plaintiff is a resident of Orange County, Florida. Therefore, Defendants deny that allegation in paragraph 1 of the Plaintiff's Complaint.

2. As to the allegations contained in paragraph 2 of the Complaint, Defendant, Blue Ox, admits that the Plaintiff was formerly an employee of the company and as the term employee is defined by 29 U.S.C. §203(e). Defendants, ML and SL, deny that the Plaintiff was employed by either of them individually as the term employee is defined by 29 U.S.C. §203(e).

3. As to the allegations contained in paragraph 3 of the Complaint, Defendant, Blue Ox, admits that the Plaintiff was classified as a non-exempt employee while he formerly worked at the company. Defendants, ML and SL, deny that the Plaintiff was employed by either of them individually as a non-exempt employee.

4. As to the allegations contained in paragraph 4 of the Complaint, Defendants admit the allegations for jurisdiction purposes only.

5. As to the allegations contained in paragraph 5 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only.

6. As to the allegations contained in paragraph 6 of the Complaint, Defendant, ML, admits the allegations for jurisdiction purposes only except that ML denies that he was individually partially or totally responsible for paying the Plaintiff's wages.

7. As to the allegations contained in paragraph 7 of the Complaint, Defendant, SL, admits the allegations for jurisdiction purposes only except that SL denies that he was individually partially or totally responsible for paying the Plaintiff's wages.

8. As to the allegations contained in paragraph 8 of the Complaint, Defendant, Blue Ox admits, for venue purposes only, that venue is proper in the United States District Court for the Middle District of Florida, Orlando Division.

Defendants, ML and SL, deny that venue is proper as to either of them individually.

9.      As to the allegations contained in paragraph 9 of the Complaint, Defendant, Blue Ox, admits for jurisdictional purposes only, that this Court has jurisdiction over this action.  Defendants, ML and SL, deny that either of them individually are subject to the Court's jurisdiction.

10.     As to the allegations contained in paragraph 10 of the Complaint, Defendants are without information and therefore they deny the allegations.

11.     As to the allegations contained in paragraph 11 of the Complaint, Defendants admit, for jurisdictional purposes only, that this Court has jurisdiction over this action.

*Background Facts*

12.     As to the allegations contained in paragraph 12 of the Complaint, Defendant, Blue Ox, admits for jurisdiction purposes only that the Plaintiff was formerly an employee of the company and as the term employer is defined by 29 U.S.C. §203(d).  Defendants, ML and SL, deny that either of them individually were the employer of the Plaintiff as the term employer is defined by 29 U.S.C. §203(d).

13.     As to the allegations contained in paragraph 13 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only.

Defendants, ML and SL, deny that either of them individually were a business or an enterprise covered under the Fair Labor Standards Act.

14. As to the allegations contained in paragraph 14 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only. Defendants, ML and SL, deny that either of them individually were engaged in interstate commerce in order to be covered under the Fair Labor Standards Act.

15. As to the allegations contained in paragraph 15 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only. Defendants, ML and SL, individually, deny the allegations in paragraph 15 of the Complaint.

16. As to the allegations contained in paragraph 16 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only. Defendants, ML and SL, individually, deny the allegations in paragraph 16 of the Complaint.

17. As to the allegations contained in paragraph 17 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only. Defendants, ML and SL, individually, deny the allegations in paragraph 17 of the Complaint.

18. As to the allegations contained in paragraph 18 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only.

Defendants, ML and SL, individually, deny the allegations in paragraph 18 of the Complaint.

19. As to the allegations contained in paragraph 19 of the Complaint, Defendant, Blue Ox, admits the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 19 of the Complaint.

20. As to the allegations contained in paragraph 20 of the Complaint, Defendant, Blue Ox, admits that the Plaintiff worked for the company from April 14, 2017, through January 26, 2024. Defendants, ML and SL, individually, deny the allegations in paragraph 20 of the Complaint.

21. As to the allegations contained in paragraph 21 of the Complaint, Defendant, Blue Ox, admits the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 21 of the Complaint.

22. As to the allegations contained in paragraph 22 of the Complaint, Defendant, Blue Ox, admits the allegations for jurisdiction purposes only. Defendants, ML and SL, individually, deny the allegations in paragraph 22 of the Complaint.

23. As to the allegations contained in paragraph 23 of the Complaint, Defendant, Blue Ox, admits the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 23 of the Complaint.

24. As to the allegations contained in paragraph 24 of the Complaint, Defendant, Blue Ox, is without information and therefore denies the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 24 of the Complaint.

*Liability*

25. As to the allegations contained in paragraph 25 of the Complaint, Defendant, Blue Ox, denies the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 25 of the Complaint.

26. As to the allegations contained in paragraph 26 of the Complaint, Defendant, Blue Ox, denies the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 26 of the Complaint.

27. As to the allegations contained in paragraph 27 of the Complaint, Defendant, Blue Ox, denies the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 27 of the Complaint.

28. As to the allegations contained in paragraph 28 of the Complaint, Defendants are without information and therefore they deny the allegations.

29. As to the allegations contained in paragraph 29 of the Complaint, Defendants are without information and therefore they deny the allegations.

30. As to the allegations contained in paragraph 30 of the Complaint, Defendant, Blue Ox, denies the allegations. Defendants, ML and SL, individually, deny the allegations in paragraph 27 of the Complaint.

WHEREFORE paragraph. Defendants deny that the Plaintiff is entitled to any of the relief sought in the unnumbered WHEREFORE paragraph or in any of the subparts of the WHEREFORE paragraph of the Plaintiff's Complaint.

Defendants asserts the following affirmative defenses to the allegations in the Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state facts sufficient to state claims upon which relief may be granted against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in part by the statute of limitations applicable to claims for unpaid overtime under the FLSA and its regulations.

### THIRD AFFIRMATIVE DEFENSE

During the Plaintiff's former employment with Defendant, Blue Ox, the Plaintiff did not report to the company that he was working more than forty (40) hours in a workweek in order to thereby notify the company that he was seeking to be paid for overtime hours worked.

**FOURTH AFFIRMATIVE DEFENSE**

During the Plaintiff's former employment with Defendant, Blue Ox, the Plaintiff could have at any time reported to the company that he was working more than forty (40) hours in a workweek in order to thereby notify the company that he was seeking to be paid for overtime hours worked.

**FIFTH AFFIRMATIVE DEFENSE**

During the Plaintiff's former employment with Defendant, Blue Ox, the Plaintiff did not raise to anyone in management or to the owners of the company that he was working more than forty (40) hours in a workweek in order to thereby notify the managers or the owners of the company that he was seeking to be paid overtime for working more than forty (40) hours in a workweek.

**SIXTH AFFIRMATIVE DEFENSE**

During the Plaintiff's former employment with Defendant, Blue Ox, the Plaintiff was regularly paid for forty (40) hours each workweek even though in certain workweeks the Plaintiff did not work a forty (40) hour workweek.

**SEVENTH AFFIRMATIVE DEFENSE**

If the Plaintiff proves that the Defendant, Blue Ox, violated the FLSA, which the Defendants specifically deny, such action was not willful or reckless. Therefore, a three-year limitations period is not warranted and the Plaintiff is not entitled to an award of liquidated damages.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendants reserve the right to amend their defenses at such time as the Plaintiff more specifically identifies the alleged hours for which he is claiming to have worked overtime, his entitlement to which the Defendants specifically deny.

### NINTH AFFIRMATIVE DEFENSE

Any unpaid overtime pay that the Plaintiff is claiming, which the Defendants specifically deny that he is legally entitled to under the FLSA and its regulations, are offset by any pay or other employee benefits or monies that the Plaintiff was paid and/or overpaid for a particular workweek or by any pay that the Defendants were not required to pay to the Plaintiff for a particular workweek.

### TENTH AFFIRMATIVE DEFENSE

Any act or omission by the Defendants with respect to the matters at issue herein were in good faith and in compliance with the FLSA and its regulations and the Defendants had reasonable grounds to believe that their acts or omissions did not violate the FLSA or its regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendants did not act with the intent to deprive the Plaintiff of any alleged unpaid overtime wages that the Plaintiff is claiming in this action.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims in this action against Matthew Lembrich and Steven Lembrich in their individual capacities should be dismissed as Matthew Lembrich and Steven Lembrich should not be sued in their individual capacity on the basis of the allegations in the Plaintiff's complaint.

## RESERVATION OF RIGHT TO AMEND

The Defendants reserve the right to amend this First Amended Answer and to add any additional defenses or counterclaims which they may become known during the course of discovery or the litigation of this action.

DATED this 30th day of September, 2024.

Respectfully submitted,

*/s/John Finnigan*
John Finnigan
Florida Bar No.:  0972363
FINNIGAN LAW FIRM, P.A.
1700 Maitland Avenue
Maitland, Florida 32751
Telephone: (407) 478-3700
Facsimile:  (407) 478-6999
Email: John@Finniganlaw.com
Lead Counsel for the Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2024, my law firm's Legal Assistant, Diane Naas, electronically filed the foregoing with the Clerk of the

Court by using the CM/ECF system which will send a notice of electronic filing to the following: Brian H. Pollock, Esquire, FAIRLAW FIRM, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, at email: brian@fairlawattorney.com.

                                                  */s/John Finnigan*
                                                  John Finnigan