UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.: 6:24-cv-1245-DCI

CHARLES MACHULAS,

    Plaintiff,

vs.

BLUE OX ENTERPRISES, LLC,
MATTHEW LEMBRICH, AND
STEVEN LEMBRICH,

    Defendants.
_____/

## JOINT MOTION TO REVIEW AND APPROVE
## FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Charles Machulas, and Defendants, Blue Ox Enterprises, LLC, Matthew Lembrich, and Steven Lembrich, through their respective undersigned counsel, file this joint motion for approval of their settlement agreement and request issuance of an order of dismissal with prejudice as follows:

    1.    Plaintiff's Complaint alleges Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by not paying him all the overtime compensation he earned. [ECF No. 1.]

2.     After Defendants responded to the Complaint, the parties exchanged documents and information relating to Plaintiff's work for Defendants, including materials relating to the dates and times worked.

3.     Plaintiff next complied with the Court's FLSA Scheduling Order [ECF No. 25] by filing his Answers to the Court's Interrogatories. [ECF No. 27.]

4.     The parties agree there is a bona fide, good faith dispute about liability and damages on Plaintiff's FLSA overtime claim.

5.     Counsel attended an in-person settlement conference on November 22, 2024, and successfully negotiated a settlement of Plaintiff's overtime wage claim against Defendants at that conference. A copy of the parties' FLSA Settlement Agreement is attached as Exhibit "A."

6.     As a result of the settlement, Plaintiff will receive more than the amount identified in his Answers to the Court's Interrogatories [ECF No. 27], when the liquidated damages are included, despite the disputed issues relating to the hours Plaintiff claims to have worked and the exemptions that potentially apply to exempt him from qualifying for overtime pay.

7.     The parties agree and stipulate that the settlement of Plaintiff's overtime claim represents a fair, reasonable, good faith, and arms-length settlement of the wages claimed, liquidated damages sought, and attorney's fees to be paid to Plaintiff and his counsel.

8.      The parties are represented by counsel experienced in not only litigating employment disputes but also cases involving wages purportedly owed under the FLSA.

9.      Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with either the approval of the district court or under the supervision of the U.S. Department of Labor.  The parties request that the Court review and approve their settlement for fairness and dismiss this action with prejudice. The parties further request that the Court condition its dismissal on reserving jurisdiction to enforce their settlement, should such enforcement be necessary.

## MEMORANDUM OF LAW

### I.   LEGAL FRAMEWORK

There are two ways in which claims under the FLSA can be settled and released by employees:

- First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

- Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and

release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).

The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

## II. THE SETTLEMENT DID NOT RESULT IN PLAINTIFF COMPROMISING HIS FLSA OVERTIME CLAIM

Many of the joint motions for settlement approval filed in the Middle District of Florida involve the plaintiff settling for less than the full value of his or her FLSA claim. This compromise compels the Court to review the settlement between the parties under *Lynn Foods.* However, not all FLSA settlements require such scrutiny review. Because the Parties agreed on a resolution of Plaintiff's FLSA

overtime wage claim, and since the attorney's fees were separately negotiated, there is no dilution of Plaintiff's recovery under the FLSA. "[O]nce the parties have agreed that Plaintiff will receive every penny [he is] entitled to under FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done." *Jimenez v. Sixt Rent a Car, LLC*, 2022 WL 17416778, at *2 (M.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 17416780 (M.D. Fla. Aug. 29, 2022); *Saunders v. Amplus Air Conditioning Contractor, Inc.*, 2020 WL 13615159, at *1 (S.D. Fla. July 1, 2020) (citing *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003)) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise.").

As the Court previously recognized in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009):

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The Parties stipulate they had a bona fide dispute and are resolving the matter to avoid the cost and time of litigating the issues, as well as the risks

associated with continued litigation. The Parties respectfully submit that the settlement is reasonable pursuant to *Lynn's Foods.*

### III.  THE OBSTACLES FACED BY PLAINTIFF

Plaintiff's recovery in this matter is significant considering the various factual and legal barriers he would have to overcome to attain any financial recovery. The parties dispute whether accurate time records exist that would enable them to precisely determine the hours Plaintiff worked each week. Further complicating Plaintiff's recovery is the fact that he received a salary exceeding the applicable salary basis threshold, which would have resulted in the parties litigating Plaintiff's "primary duty" to address the issue of whether he was an exempt employee. Thus, Plaintiff's recovery hinged on the hours worked and whether he could recover any overtime at all. The resolution reached took these and other factors into consideration.

### IV.  PLAINTIFF'S RECOVERY

The foregoing legal and factual analysis explains why the parties' settlement is fair and reasonable. The Plaintiff faced a substantial risk that he was exempt, which if true would result in his recovering no overtime wages, or that a jury would find he worked fewer hours than paid through the settlement if he were not exempt. If the Plaintiff were found to be exempt, he would face a potential cost judgment being entered against him. Through all of the challenges in this case, Plaintiff was able to secure a financial settlement of $35,000.00 for his FLSA claim,

inclusive of liquidated damages, which exceeds the $30,586.96 in overtime wages Plaintiff calculated to be his alleged overtime wage damages in his Answers to the Court's Interrogatories. [ECF No. 27.] The settlement reflects an outcome that guarantees a significant recovery, which must be considered against the risk that he could have recovered nothing. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all"). The Parties submit that the settlement is reasonable.

## V.     PLAINTIFF'S ATTORNEYS' FEES AND COSTS

In a suit brought by employees under the FLSA, the Court must determine whether the settlement "is a fair and reasonable resolution." *See Lynn's Food.*, 679 F.2d at 1352-53. at 1354. In doing so, the Court considers such factors as: "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest

taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

The attorney's fees to be paid to Plaintiff's counsel were negotiated separately and without any impact on the wages (and liquidated damages) to be paid to Plaintiff. Plaintiff's counsel will receive $15,000.00 in attorneys' fees ($14,212.00) and costs ($788.00) through the settlement. Based on the reasonable market rates of $500.00 per hour for attorney Brian H. Pollock, Esq., $325.00 per hour for attorney Patrick Brooks LaRou, Esq., and $165.00 per hour for paralegal Steffany Sanguino, which have been previously awarded to them, the parties agree that these rates are reasonable for this case, especially considering that the Court is familiar with Plaintiff's counsel and recently approved a settlement involving the same hourly rates. *See Gereda vs. Lechonera Latina#5*, M.D. Fla. Case No.: 6:24-cv-1108-DCI (at ECF No. 40). The parties further represent that the amount to be paid for Plaintiff's attorney's fees through the settlement reflects a compromise, as a reduction in the fees incurred by Plaintiff, such that the fees to be paid are fair and reasonable.

Courts have held it unnecessary to inquire into the reasonableness of a plaintiff's attorneys' fees where, as here, both sides stipulated as to the reasonableness of the fees and it is readily apparent that the fees and costs did not diminish the plaintiff's recovery. *See Bonetti*, 715 F. Supp. 2d at 1228.

## VI.  CONCLUSION

Based on the foregoing and the attached exhibit, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the attached Settlement Agreement; (2) dismissing this action with prejudice; and, (3) reserving jurisdiction to enforce the terms of the parties' Settlement Agreement.

Respectfully submitted on December 12, 2024.

| | |
|---|---|
| s/Brian H. Pollock, Esq.<br>Brian H. Pollock, Esq. (174742)<br>brian@fairlawattorney.com<br>FairLaw Firm<br>135 San Lorenzo Avenue, Suite 770<br>Coral Gables, FL 33146<br>Tel:   (305) 230-4884<br>*Counsel for Plaintiff* | s/John Finnigan, Esq.<br>John Finnigan, Esq.  (0972363)<br>John@Finniganlaw.com<br>FINNIGAN LAW FIRM, P.A.<br>1700 Maitland Avenue<br>Maitland, Florida 32751<br>Tel: (407) 478-3700<br>*Counsel for Defendants* |