## SETTLEMENT AGREEMENT

1. This Settlement Agreement ("Agreement") is entered into by and between Plaintiff, Charles Machulas ("Plaintiff") and Defendants Blue Ox Enterprises, LLC ("Blue Ox" or the "company") and Matthew Lembrich, individually ("ML") and Steven Lembrich, ("SL") (collectively "Defendants"), with each party intending to be bound by the terms and conditions of this Agreement. For purposes of this Agreement, Plaintiff and Defendants are collectively referred to as the "Parties". For purposes of this Agreement, Blue Ox includes the company's owners, employees, parents, subsidiaries, divisions, affiliates, stockholders, predecessors, successors, assigns, agents, contracting parties, directors, insurers, and officers.

2. **Non-Admission.** This Agreement does not constitute an admission by Defendants of any violation of any law or statute. The Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind by the Defendants.

3. **Litigation.** Plaintiff filed a lawsuit against Defendants in the United States District Court, Middle District of Florida, Orlando Division, (Case No. 6:24-cv-1245-PGB-DCI) (the "pending action"), alleging violations of the Fair Labor Standards Act ("FLSA') for unpaid overtime. Pursuant to the terms of the Parties' settlement that are set forth in this Agreement, the Parties intend to fully and finally resolve the pending action and all aspects of Plaintiff s claims in the pending action.

4. **Payment to Plaintiff.** In consideration for signing this Agreement and the fulfillment of the promises herein, Defendants agree to pay Plaintiff the total sum of $50,000.00 ("Total Sum") of which $35,000.00 represents satisfaction alleged unpaid wages ($17,500.00) and liquidated damages ($17,500.00) to Plaintiff and $15,000.00 for Plaintiff's costs ($788.80) and attorney's fees ($14,12.00), which were separately negotiated. The Total Sum is payable within ten (10) calendar days from when the Court approves the parties' settlement, as follows:

   1) a company payroll check in the gross amount of $17,500.00 (less taxes and other legal withholdings) payable to Charles Machulas representing the alleged unpaid wages for which a Form W-2 shall be issued to Plaintiff; and,

   2) a company check in the gross and net amount of $17,500.00 (with no taxes or other legal withholdings deducted) payable to Charles Machulas representing liquidated damages for which a Form 1099 shall be issued to Plaintiff; and,

   3) a company check in the gross and net amount of $15,000.00 (with no taxes or other legal withholdings) payable to FairLaw Firm representing payment for attorney's fees and costs and for which a Form 1099 shall be issued to FairLaw Firm.

Plaintiff and FairLaw Firm shall provide Defendants' counsel, John Finnigan, with IRS Forms W-9s concurrent with Plaintiff's execution of this Agreement.

The above referenced settlement checks shall be delivered to the FairLaw Firm c/o Brian H. Pollock, Esquire at FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, on or before the due date.

Plaintiff acknowledges that the payment of the monies by Defendants identified herein constitutes full, complete and uncompromised payment of any and all unpaid overtime wages and related damages allegedly owed to and/or claimed by him for the entire period of his former employment with Blue Ox up to the time of execution of this Agreement and that he sought in the pending action. Plaintiff agrees not to pursue any additional claim against Defendants for allegedly unpaid overtime that Plaintiff claimed (or could have claimed) in the pending action. Plaintiff agrees that upon receipt of the settlement funds described in Paragraph 4 above, that all of his claims raised in the pending action will be fully paid and satisfied and therefore moot. The Parties agree that the amount of attorney's fees and costs paid to Plaintiff's legal counsel for representing Plaintiff's interests in this matter ($15,000) is fair and reasonable and was agreed upon separately from the amount ($35,000) to be paid to Plaintiff.

Plaintiff acknowledges that neither his counsel of record nor Defendants' counsel of record are tax attorneys, and that Plaintiff is hereby advised by his own attorney to seek advice and assistance from a tax preparer as to the tax treatment of the settlement proceeds that he is receiving.

5. **Payment of Applicable Taxes.** Plaintiff is and shall be solely responsible for his share of all federal, state, and local taxes that may be owed by Plaintiff by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiff agrees to indemnify and hold the Defendants harmless from his share of any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiff under this Agreement unless such liability is caused by an action or inaction of Defendants.

6. **Voluntary Dismissal of Pending Action.** Upon the Parties' execution of this Agreement, pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties agree to file a Joint Motion for Approval of the Parties' settlement jointly requesting that the Court approve this Agreement and enter an order dismissing the pending action with prejudice, upon condition that the Court retain jurisdiction to enforce the terms of this Agreement for thirty (30) days.

7. **Release of Claims.** Plaintiff acknowledges that after the payment of the Settlement Sum in Paragraph 4, he has been fully paid for all hours worked, he will not pursue any claims for any earned wages (including but not limited to any minimum wage or overtime claims), bonuses, and compensation to which he may have been entitled by virtue of his work for Defendants. Plaintiff affirms that, by signing this Agreement, he forever waives any right to any compensation

(including but not limited to any minimum wage or overtime claims), severance, leave of absence, benefits or other payments of any kind from Defendants for the work he performed for Defendants.

8. **Rights And Claims Excluded from Waivers And Releases.** Notwithstanding any other provision in this Agreement, the Parties agree that nothing in this Agreement is intended to compromise, waive, release or adversely affect any other claim(s) Plaintiff has or may hereafter pursue against Blue Ox, including those that were or could be brought by him against Blue Ox as identified in EEOC Charge No.: 510-2024-10931 ("Employment Claim"), nor the damages, benefits, or vested benefits recoverable therein, all of which shall survive the releases given herein. In addition, this Agreement does not waive any rights that cannot be waived by law, including Plaintiff's right to file a charge with an administrative agency, his right to participate in any agency investigation or proceeding, or any ability he may have to recover damages in any such investigation or proceeding instituted relating thereto.

9. **Transfer of Claims.** Plaintiff represents and warrants he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

10. **Breach.** The Parties acknowledge that if either party breaches this Agreement, including but not limited to commencing a suit or action or complaint in contravention of this Agreement or its limited release of claims, the Parties' obligations to perform under this Agreement immediately shall cease, and the aggrieved Party shall be entitled to all remedies allowed in law or equity. The prevailing party in such an action to enforce this Agreement shall be entitled to recover its attorneys' fees and costs from each non-prevailing party. Plaintiff and Defendants hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of this Agreement.

Defendants' failure to deliver the Total Sum identified in Paragraph 4 within three (3) days of the due date shall be considered a material breach of this Agreement. Defendants shall be entitled to receive email notice to their counsel, John Finnigan, Esq. (john@finniganlaw.com) of any default in payment due under the Agreement. If Defendants do not timely cure any default in payment within three (3) business days after receipt of written notice (the "cure period"), Plaintiff shall be entitled to the entry of a Default Final Judgment against Defendants, jointly and severally, for Fifty-Five Thousand and 00/100 Dollars ($55,000) minus all payments made through the cure period. Defendants waive all defenses to the entry of a Default Final Judgment other than Plaintiff's failure to provide the notice required under this Agreement and/or timely payment.

11. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected

thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

12. **Parties' Acknowledgement.** The Parties acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Plaintiff also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Defendants; and, (b) that Plaintiff has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Plaintiff's attorneys' advice. Plaintiff acknowledges that he has been given a reasonable time to consider the terms of this Agreement.

13. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. **Execution.** This Agreement may be executed by wet or electronic signature and in counterparts which, when taken together, shall be considered one original executed Agreement. A copy or .pdf version of any signature or this Agreement shall be considered the same as an original for all purposes.

12/09/2024
Date

Charles Machulas (Dec 9, 2024 12:44 EST)
Charles Machulas, Plaintiff

12/12/24
Date

Authorized Representative of Defendant, Blue Ox Enterprises, LLC

12/12/24
Date

Matthew Lembrich, Individually

12/12/2024
Date

Steven Lembrich, Individually